## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-1120** (Ritchie County 12-F-20)

**Christopher T. Wolfe**
**Defendant Below, Petitioner**

**FILED**

June 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Christopher T. Wolfe, by counsel Eric K. Powell, appeals the Circuit Court of Ritchie County's order entered July 30, 2012, sentencing him to six months to two years of custody. The State, by counsel Andrew D. Mendelson, filed a response in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 4, 2011, Tracey Wolfe, petitioner's brother, made a telephone call from jail to the number where petitioner lived with his mother. During the call, which was intercepted by corrections officials, he spoke to someone he referred to as "Chris" and "Critter,"[1] and described a "cold recipe" to "Chris," who had asked for the recipe. Petitioner also discussed passing along the recipe to someone named "Butch." The next day, Tracey Wolfe placed a letter dated January 4, 2011, into prison mail to his mother that included a document with the heading "Critter's Cold" with instructions for making a substance out of Sudafed pills, among other ingredients, and referred to the end-product as "dope." Law enforcement officers later testified that the "Critter's Cold" recipe appeared to be instructions for manufacturing methamphetamine. The letter was intercepted by officials at the correctional facility and given to a West Virginia State Trooper. The trooper went to the home of petitioner and his mother and, with their consent, searched the home but found no incriminating evidence.

In January of 2012, a grand jury returned an indictment charging petitioner with one count of conspiracy to operate or attempt to operate a clandestine drug laboratory. In March of 2012, petitioner was convicted on the same charge after a jury trial. Both parties agree that the only bases for the conviction were the telephone conversation on January 4, 2011, and the letter dated

---

[1]The record reflects that "Critter" is a nickname for petitioner.

1

January 4, 2011. In May of 2012, the circuit court sentenced petitioner to six months to two years of placement at the Anthony Center for Young Adult Offenders for completion of its program requirements, whereupon he is to be returned to the circuit court for further proceedings.

> "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed de novo." Syllabus Point 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996).

Syl. Pt. 1, *State v. Murray*, 220 W.Va. 735, 649 S.E.2d 509 (2007).

Petitioner first argues that the evidence below was "manifestly inadequate" because no evidence showed that he possessed or assembled methamphetamine. Further, the evidence showed he was only to pass along information to an alleged "Butch," but no evidence showed he would manufacture the methamphetamine himself. Finally, petitioner argues that the State failed to establish that he was even a participant in the telephone conversation.

> "'In order for the State to prove a conspiracy under *W. Va.Code*, 61–10–31(1), it must show that the defendant agreed with others to commit an offense against the State and that some overt act was taken by a member of the conspiracy to effect the object of that conspiracy.' Syl. Pt. 4, *State v. Less*, 170 W.Va. 259, 294 S.E.2d 62 (1981)." Syl. Pt. 3, *State v. Burd*, 187 W.Va. 415, 419 S.E.2d 676 (1991).

Syl. Pt. 5, *State v. Minigh*, 224 W.Va. 112, 680 S.E.2d 127 (2009). We hold that the jury had adequate grounds to find that there was an agreement to operate or attempt to operate a clandestine drug laboratory based upon petitioner's brother calling his residence, calling him by name, and petitioner making a request that elicited information describing how to produce methamphetamine. Additionally, a member of the conspiracy, namely Tracy Wolfe, took an overt act to effect the conspiracy by placing the directions for manufacturing methamphetamine into the mail. Petitioner's reliance on *State v. Cummings*, 220 W.Va. 433, 647 S.E.2d 869 (2007), is misguided because that case dealt with a conviction "arising from the possession of illegal contraband . . ." but no evidence supported the defendant having knowledge of the contraband in a motor vehicle that the defendant was driving, which someone else owned. *Id.* at 440. *Cummings* does not apply here because this case does not arise from the possession of illegal contraband, but rather arises from a telephone conversation and letter describing how to manufacture methamphetamine.

Second, petitioner argues that his constitutional rights against double jeopardy have been violated because "operating a clandestine drug laboratory" and "attempt[ing] to operate a clandestine drug laboratory" are two separate offenses; therefore, his conspiracy charge for "conspiracy to operate or attempt to operate a clandestine drug laboratory" is actually two charges for the same offense. Petitioner admits that, because he never scheduled a hearing to address this issue after moving for a new trial on the basis of this double jeopardy claim, the issue must be reviewed for plain error. "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness,

integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Further,

> "'[t]he Double Jeopardy Clause in Article III, Section 5 of the *West Virginia Constitution*, provides immunity from further prosecution where a court having jurisdiction has acquitted the accused. It protects against a second prosecution for the same offense after conviction. It also prohibits multiple punishments for the same offense.'" Syllabus Point 1, *Conner v. Griffith*, 160 W.Va. 680, 238 S.E.2d 529 (1977). Syl. Pt. 2, *State v. Gill*, 187 W.Va. 136, 416 S.E.2d 253 (1992).

Syl. Pt. 2, *State v. Minigh*, 224 W.Va. 112, 680 S.E.2d 127 (2009). Here, petitioner attempts to argue that he somehow received multiple punishments for the same offense due to the statute defining the crime as "operat[ing] or attempt[ing] to operate a clandestine drug laboratory . . ." but he was charged with only the crime of conspiracy and received only one sentence. W. Va. Code § 60A-4-411. We hold that no violation of double jeopardy occurred here.

The Court has carefully considered the merits of each of petitioner's arguments as set forth in his brief. The circuit court did not err in convicting petitioner for conspiracy to operate or attempt to operate a clandestine drug laboratory. For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: June 28, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3